UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BAR OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL EVERETT,<br><br>Defendant. | Case No. 18-cv-05879-SI<br><br>**ORDER REVOKING *IN FORMA PAUPERIS* STATUS** |

On March 20, 2019, the Ninth Circuit issued a Referral Notice requesting this Court determine the limited issues of (1) whether defendant Daniel Everett's appeal in the above captioned matter should continue with *in forma pauperis* status and (2) whether the appeal is frivolous or taken in bad faith. The Court hereby finds the appeal is frivolous and in bad faith, accordingly, revocation of Mr. Everett's *in forma pauperis* status is warranted.

**BACKGROUND**

In December 2016, the State Bar of California brought disciplinary actions against Mr. Everett.[1] On four separate occasions, Mr. Everett sought to remove the state matter to this Court.[2] The State Bar of California ("State Bar") successfully moved to remand in each instance. Most recently, on February 1, 2019, this Court granted the State Bar's motion to remand and for sanctions, again finding no subject matter jurisdiction.

---

[1] *See* Notice of Disciplinary Charges, [consolidated] State Bar Court Case Nos. 15-O-12952; 15-O-13789; 15-O-14462, available at http://members.calbar.ca.gov/courtDocs/15-O-12951.pdf; Notice of Disciplinary Charges, State Bar Court Case No. 16-O-10277 [16-O-15762], available at http://members.calbar.ca.gov/courtDocs/16-O-10277.pdf.

[2] See Case No. 3:17-CV-01716 (March 29, 2017 petition for removal), Case No. 3:17-CV-03595 (June 21, 2017 petition for removal), Case No. 3:18-CV-00051 (January 4, 2018 petition for removal), Case No. 3:18-CV-05879 (September 25, 2018 petition for removal).

On March 4, 2019, Mr. Everett filed a notice of appeal with respect to this Court's February 1, 2019 order granting the motion to remand and for pre-filing approval sanctions. See Dkt. No. 34. On March 20, 2019 the Ninth Circuit entered the Referral Notice referenced above. See Case No. 19-15467 Dkt. No. 2.

**LEGAL STANDARD**

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal to proceed *in forma pauperis* is a low bar; appellant satisfies the good faith requirement if any issue raised for review in the appeal is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

**DISCUSSION**

Mr. Everett's appeal lacks any arguable basis in law or in fact. As this Court has stated four times previously, it does not have subject matter jurisdiction over the State's Bar's disciplinary action regarding Mr. Everett. Accordingly, the Court finds that revocation of defendant's *in forma pauperis* status is warranted.

**IT IS SO ORDERED**.

Dated: March 20, 2019

_____
SUSAN ILLSTON
United States District Judge